STATE OF NORTH CAROLINA v. CHARLES E. BLANTON

No. 7327SC683

(Filed 28 November 1973)

**Homicide § 27— unintentional shooting — instruction on manslaughter proper**

The trial court properly instructed in a manslaughter case "that the Law in this State is that where a person points a gun at another, though without intention of discharging it, if the gun does accidentally fire and kills, it is manslaughter under the Law of this State." G.S. 14-34.

State v. Blanton

APPEAL by defendant from *Thornburg, Judge,* 12 March 1973 Criminal Session GASTON Superior Court.

By indictment, proper in form, defendant was charged with the murder of Harry Cordell on 8 October 1972. When the case was called for trial, the solicitor announced that the State would seek no verdict greater than voluntary manslaughter as the evidence might warrant.

The evidence tended to show: Defendant and Cordell were friends, and on the night in question Cordell and his wife were visiting defendant in his home. The two men were in the kitchen, sitting at a table, drinking intoxicants and talking. Cordell asked defendant if he could still do his "fast draw" trick, the trick being explained by witnesses thusly: a person, while sitting or standing, would hold his hands extended forward several inches apart; defendant, with a pistol in a holster strapped to his body, would attempt to draw his pistol and place it between the hands of the other person before that person could clap his hands together. Defendant replied that he could still do the trick and proceeded to try it with a .22 caliber pistol. The pistol discharged, a bullet struck Cordell in the front of his head and killed him almost instantly. When police recovered the pistol shortly after the tragedy, it contained four live cartridges and one spent cartridge. Defendant told police that he had forgotten that he loaded the pistol some three or four days earlier.

The court submitted the case to the jury on the question of involuntary manslaughter. From a verdict of guilty and judgment imposing prison sentence of not less than four nor more than five years, with recommendation for work release, defendant appealed.

*Attorney General Robert Morgan by Claude W. Harris, Assistant Attorney General, for the State.*

*Robert E. Gaines for defendant appellant.*

BRITT, Judge.

All of defendant's assignments of error relate to the court's instructions to the jury. He contends that the court erred in charging (1) that defendant's act was unlawful if he pointed a pistol at Cordell and (2) "that the Law in this State is that where a person points a gun at another, though without inten-

tion of discharging it, if the gun does accidentally fire and kills, it is manslaughter under the Law of this State."

In 4 Strong, N. C. Index 2d, Homicide, § 6, p. 198, we find involuntary manslaughter defined as follows:

"Involuntary manslaughter is the unlawful killing of a human being, unintentionally and without malice, proximately resulting from the commission of an unlawful act not amounting to a felony, or resulting from some act done in an unlawful or culpably negligent manner, when fatal consequences were not improbable under all the facts existent at the time, or resulting from the culpably negligent omission to perform a legal duty."

Quoted with approval by Chief Judge Mallard in *State v. Lawson,* 6 N.C. App. 1, 169 S.E. 2d 265 (1969).

G.S. 14-34 provides that if any person shall point any gun or pistol at any person, either in fun or otherwise, whether such gun or pistol be loaded or not loaded, he shall be guilty of an assault.

In *State v. Foust,* 258 N.C. 453, 459, 128 S.E. 2d 889 (1963), Justice (later Chief Justice) Parker, writing for the court, said: "It seems that, with few exceptions, it may be said that every unintentional killing of a human being proximately caused by a wanton or reckless use of firearms, in the absence of intent to discharge the weapon, or in the belief that it is not loaded, and under circumstances not evidencing a heart devoid of a sense of social duty, is involuntary manslaughter. (Citations.)"

The trial court's instructions are supported by the statute and authorities cited. In the trial of this case, we find

No error.

Chief Judge BROCK and Judge MORRIS concur.